

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
10/29/2020

| | | |
|---|---|---|
| IN RE: | § | |
| ISABEL MATA; aka VILLARREAL | § | **CASE NO: 16-33808** |
|     Debtor | § | |
| | § | **CHAPTER 7** |
| | § | |

## MEMORANDUM OPINION

Cooper & Scully, P.C. filed an application seeking $42,028.39 in attorney's fees and expenses for work performed in Isabel Mata's chapter 7 case between April 16, 2018 and August 5, 2019. Ricardo and Sylvia Aguirre, Ms. Mata's brother and sister-in-law, objected to Cooper & Scully's application asserting Cooper & Scully billed excessively and unnecessarily. After considering Cooper & Scully's application and the Aguirres' objections in light of the requirements set forth in 11 U.S.C. § 330, the Court finds that Cooper & Scully is entitled to $38,177.07 in professional fees and $618.39 in expenses.

## BACKGROUND

The debtor, Isabel Mata, filed this case in 2016. Ms. Mata's case has been burdened by familial strife, centering on a dispute over the ownership of the Ms. Mata's real estate. Trustee, Rodney Tow, retained Cooper & Scully as general counsel to the estate. With Cooper & Scully's assistance, the Trustee eventually sold the property and began disbursing the proceeds from its sale. Remaining in dispute, however, is the amount of compensation to which Cooper & Scully is entitled.

### *Isabel Mata's Bankruptcy*

Ms. Mata, also known as Isabel Villareal, filed a voluntary chapter 13 petition on August 8, 2016. (ECF No. 1). Ms. Mata's chapter 13 bankruptcy resulted in a confirmed plan. (ECF No.

63).  To fund the plan payments, Ms. Mata, through counsel, moved to sell real estate located at 3921 North Main Street, Houston, TX 77009.  (ECF No. 55 at 1).[1]

Ms. Mata's property was the subject of an adversary proceeding filed by Ms. Mata against Ricardo Aguirre, Ms. Mata's brother, Sylvia Aguirre, Ricardo's wife, and Mary Jones, Ms. Mata's sister.  (Case No. 17-03054, ECF No. 1 at 2; *see also* ECF No. 49 at 2).  Through this adversary proceeding, Ms. Mata sought to quiet title to the real estate.  (ECF No. 49 at 1).  According to Ms. Mata, she owned the property in fee simple by way of a handwritten instrument executed by Ms. Mata's deceased parents, which purported to convey Ms. Mata title to the property located at 3921 North Main.  (ECF No. 49 at 3).  On December 1, 2017, this Court found that the document executed by Ms. Mata's parents was not a warranty deed.  (ECF No. 76 at 7).  Therefore, the document did not effect a present or future transfer of the property to Ms. Mata in fee simple. (ECF No. 76 at 7).

Because no transfer was effected by the instrument, the Court determined that Ms. Mata, along with her siblings, retained interests in the property pursuant to Texas intestacy law.  (ECF No. 76 at 7).  The Court did not, however, determine the amount of ownership held by each sibling.  (ECF No. 76 at 7).  Instead, the parties were directed to come to an agreement as to each sibling's proportional interest.  (ECF No. 76 at 7).

On January 22, 2018, following the issuance of the Court's judgment, the case was converted to a chapter 7 case. (ECF No. 81 at 1).  Rodney Tow was appointed as Trustee.  (ECF No. 83).  The Court then entered a discharge order and found that there were no non-exempt assets in the estate.  (ECF No. 94; *see also* ECF No. 82 at 2).

---

[1] This property is a commercial building, which Ms. Mata used as her residence.

### *Employment of Cooper & Scully, P.C.*

On April 17, 2018, the Trustee filed an application to employ Cooper & Scully, P.C. as general counsel to the estate. (ECF No. 91 at 3). Specifically, the Trustee sought to employ Julie Koenig. (ECF No. 91 at 4). Ms. Koenig has over 30 years of bankruptcy experience, including significant experience representing chapter 7 trustees. (ECF No. 91 at 4–5). Additionally, Cooper & Scully's application proposed a billable rate of $425 per hour for attorney services and a billable rate of $100 per hour for paralegal services. (ECF No. 91 at 7). Those services were to include: "Fil[ing] motions to sell . . . Fil[ing] motions to compromise controversies . . . and Handl[ing] miscellaneous legal matters associated with the estate." (ECF No. 91 at 7). Any expenses arising from Cooper & Scully's employment were to be charged to the estate. (ECF No. 91 at 7).

The Court granted the Trustee's application to employ Cooper & Scully on May 3, 2018. (ECF No. 96). However, on May 4, 2018, Ricardo and Sylvia Aguirre filed a joint motion opposing the employment of Cooper & Scully. (*See* ECF No. 99). Then, on May 10, 2020, the Aguirres filed a motion asking this Court to reconsider its order authorizing the employment of Cooper & Scully. (*See* ECF No. 101). The Court held a hearing on the employment application on June 26, 2018. During the hearing, the Court noted that it would not require the Trustee to intervene in a familial dispute without counsel and by employing Cooper & Scully the Trustee was fulfilling his fiduciary obligation to the estate. (6/28/2018 Hearing at 11:10:10). The Court denied the Aguirre's motion for reconsideration. (Case No. 16-33808, 6/26/2018, Courtroom Minutes).

### *Disputes Related to the Sale of Debtor's Property*

The vast majority of Cooper & Scully's work in this case relates to the sale of Ms. Mata's real property. As noted above, the Court first ordered the property sold on the Ms. Mata's own motion prior to the conversion of the case. (*See* ECF No. 64). The Court again ordered the

property sold when the case was converted to chapter 7.  (ECF No. 81 at 1).[2]  On October 3, 2018, the Trustee, through Cooper & Scully, filed a motion to sell the property, free and clear of encumbrances, to a buyer from which the Trustee received a good faith offer.  (ECF No. 104 at 1–3).  The motion also sought authorization to use the sale proceeds to pay closing costs and fees, pay pro-rata taxes due in 2018, and satisfy the outstanding secured claims of taxing authorities.  (ECF No. 104 at 4).  Any remaining proceeds were to be distributed consistent with a separate court order setting out the ownership interests held by each of Ms. Mata's siblings.  (ECF No. 104 at 4).  The Court issued a final order authorizing the sale of the property under § 363(b), (f), (h).  (ECF No. 107 at 1–2).

### A.   *Incessant Disputes Over the Division of Proceeds*

This order provoked responses from Raquel Villarreal Winn, Ms. Mata's daughter, from Olivia Reiner, Ms. Mata's sister, and from Ms. Mata herself.  (*See* ECF Nos. 105, 109, 110, 114).  Essentially, these responses alleged that the Court erred in its determination[3] of how the proceeds from the sale of the property were to be distributed.  (*See* ECF Nos. 109, 110, 114).  The Court set a hearing on January 8, 2019 to consider these responses.  (ECF No. 112 at 1).

At the hearing, Ms. Mata, members of her family, and the Trustee, personally and through counsel, presented arguments as to how the sale proceeds should be divided.  (*See generally* Hearing 1/08/2019 at 3:30).  The Court made findings as to the proper division on the record, which were memorialized in a written judgment.  (*See* ECF No. 119).

---

[2] Subsequently, the Trustee filed a motion requesting clarification of the Court's conversion order, which directed the Trustee to distribute the proceeds in accordance with the interests set out in Docket Entry No. 34, pp. 5 in Adversary Case 17-03054.  (ECF No. 90 at 1–2).  Prior to resolving the Trustee's motion for clarification, the Court appointed Cooper & Scully.

[3] ECF No. 81 at 1; *see also* Case No. 17-03054, ECF No. 34 at 5.

After the hearing, Ms. Mata and her family again filed various motions attempting to relitigate both the judgment finding that Ms. Mata did not own the property outright, (*See* ECF Nos. 122, 123, 127), as well as the judgment determining the proportional ownership of each member of the family.  (*See* ECF Nos. 123, 125, 127, 154, 164).  And again, the Court ruled on the motions challenging its judgments.  (*See* ECF Nos. 124, 131, 162; *see also* Case No. 17-03054, ECF No. 69 at 1).[4]

### B.    Costly and Wasteful Litigation Impeding the Closing of the Sale

While the Court worked through the disputes over the ownership of the property and the distribution of the proceeds from its impending sale, another family conflict broke out over the sale of the home.  Ms. Mata and those family members holding interests in the property were required to sign various documents prior to the closing of the sale.  (ECF No. 133 at 2–3). Additionally, the title company handling the closing required an underlying state court lawsuit to be dismissed before closing could occur.  (ECF No. 133 at 2).[5]  The Trustee informed Mr. and Mrs. Aguirre of the need for their signatures on the closing documents and an agreed order dismissing the state court suit.  (ECF No. 133 at 3).  The Aguirres refused to sign the necessary documents.  (ECF No. 133 at 3).  The Trustee warned the Aguirres that their refusal would force the Trustee to file a motion to compel the Aguirres to sign the documents.  (ECF No. 133 at 3). The Aguirres persisted in their refusal and the Trustee filed a motion to compel.  (*See* ECF No. 133).  On February 26, 2019, the Could entered an order directing the non-signing family members,

---

[4] Notably, the Court disposed of one of Ms. Mata's motions for reconsideration by noting that Ms. Mata appealed the Court's judgment.  (ECF No. 131).  Ms. Mata instituted her appeal on January 15, 2019.  (Case No. 17-03054, ECF No. 46 at 1).  The appeal was subsequently dismissed for failure to file an appellate brief and failure to designate items in the record for appeal.  (Case No. 17-03054, ECF No. 66 at 1).

[5] This state court action was filed by the Aguirres against Ms. Mata, Ms. Reiner, and Ms. Jones.  (ECF No. 138-1 at 1).  Essentially, the suit was an action to quiet title to the property.  (ECF No. 138-1 at 1–3).  In its Order, the Court required all claims pertaining to ownership of the property be dismissed but did not require the dismissal of the Aguirres' claims for costs and attorneys' fees.  (ECF No. 136 at 1).

including the Aguirres, to sign all closing documents prepared by the Trustee and directing the parties to dismiss the state court suit.  (ECF No. 136 at 1).

The sale process was also impeded by Ms. Mata's refusal to vacate the property, thereby preventing the Trustee from securing the property in advance of the closing.  (ECF. No. 139 at 2–3).  Ms. Mata's actions forced the Trustee to file a motion to compel Ms. Mata to vacate the property.  (ECF No. 139 1–3).  The Court granted the Trustee's motion and ordered Ms. Mata to vacate the property.  (ECF No. 140 at 1).

Ms. Mata failed to vacate the property.  (ECF No. 142 at 2).  The Trustee again moved to compel Ms. Mata to vacate the property and sought an order holding Ms. Mata in contempt for violating the Court's prior order.  (ECF No. 142 at 1).  The Court held a hearing on the Trustee's motion, at which Ms. Mata appeared with counsel.  (ECF No. 144 at 1; *see also* 3/18/2019 Hearing at 4:37:30).  At the hearing, the Court again ordered Ms. Mata to vacate the property within one week's time and advised Ms. Mata that failing to do so would require the Court to direct the United States Marshal Service to remove her from the property.  (3/18/2019 Hearing at 4:56:54).

Still, the Trustee was unable to close on the sale due to the Aguirres' continued refusal to sign the closing documents.  On April 11, 2019, the Trustee filed a second motion to compel the Aguirres to sign.  (ECF No. 151 at 3–7).  Again, the Court set a hearing on the Trustee's motion and ordered all non-signing parties to appear.  (ECF No. 152 at 1–2).  At this hearing, Mr. and Mrs. Aguirre were ordered to sign the closing documents in open court.  (4/23/2019 Hearing at 9:04:50; 9:19:55).  They complied.

On April 23, 2019, the same day the Court ordered the Aguirres to execute the closing documents, Olivia Reiner filed an action in Texas state court against Ms. Mata seeking 35% of the sale proceeds.  (Case No. 19-03446, ECF No. 1-1 at 1–4).  The Trustee removed the action to this

Court pursuant to 28 U.S.C. §§ 1334(b) and 1452(a).  (Case No. 19-03446, ECF No. 1 at 1–3).

After a hearing, at which the Court informed Ms. Reiner that her action was likely a violation of

Ms. Mata's discharge injunction, the Court dismissed the adversary proceeding.  (6/11/2019

Hearing at 3:02:00; *see also* Case No. 19-03446, ECF No. 5 at 1).

Despite its swift dismissal, Ms. Reiner's state court action further delayed the sale process.

(ECF No. 157 at 3).  Specifically, the title company required an amended court order authorizing

the sale notwithstanding Ms. Reiner's suit.  (ECF No. 157 at 4).[6]  Per the title company's request,

the Court issued an amended order.  (ECF No. 158 at 1–2).  And finally, on May 10, 2019, the sale

of the property closed.  (ECF No. 163-1 at 1).

### C.    *Obstructive Disputes Related to the Distribution of Sale Proceeds*

The Trustee then sought to distribute the proceeds from the sale, primarily to provide Ms.

Mata with the means to live.  (ECF No. 168 at 2).  Inevitably, another dispute ensued.  (*See*

*generally* 7/11/2019 Hearing at 3:00).  Again, the family members disagreed as to how the

proceeds should be divided between the siblings.  (7/11/2019 Hearing at 3:11:15).  Mr. Aguirre

asserted that the Trustee should not make an interim distribution.  (7/11/2019 Hearing at 3:11:15).

Raquel Winn asserted that the Aguirres were not entitled to any portion of the proceeds at all.

(7/11/2019 Hearing at 3:17:32).  Nevertheless, the Court granted the Trustee's motion authorizing

an interim distribution of funds.  (7/11/2019 Hearing at 3:26:00; *see also* ECF No. 170 at 1).

### *Cooper & Scully's Fee Application*

With the foregoing disputes resolved, Cooper & Scully filed its final fee application.  (ECF

No. 174 at 2).  In total, Cooper & Scully seeks $41,410.00 in fees and $618.39 in expenses.  (ECF

---

[6] The title company also requested that the amended order include authorization for the Trustee's Counsel to execute any amended settlement statements on behalf of the Aguirres and Ms. Reiner, as well as a directive to the Trustee to hold all proceeds, less closing costs and other payments made on account of encumbrances on the property. (ECF No. 157 at 4).

No. 174 at 1).  The application details the work performed by Cooper & Scully, including: (1) work related to the sale of the property; (2) work related to the distribution of the sale proceeds; (3) determining the amount of back taxes encumbering the property; (4) preparation and prosecution of the Trustee's motions to compel; (5) work undertaken to resolve the state court litigation impeding the sale; (6) work undertaken to resolve judgment liens impeding the sale; (7) attempts to persuade Ms. Mata to vacate the property; (8) removal of Ms. Reiner's state court action; and (9) preparation of documents required for closing on the sale. (ECF No. 174 at 2–4). This work required Cooper & Scully to expend 107.30 hours.  (ECF No. 174 at 4).

In response to Cooper & Scully's application, the Aguirres filed a "Motion to Adjust Attorneys' Fees." (ECF No. 179 at 1).  In their motion, the Aguirres assert that Ms. Koenig: (1) billed for work not necessary to the administration of the estate; (2) billed excessively for work that others, specifically the realtor and the title company, should have performed; and (3) billed for work that did not result in a benefit to the Aguirres or Mary Jones.  (ECF No. 179 at 2–4).[7] Thus, the Aguirres seek a reduction in Cooper & Scully's fees.  (ECF No. 179 at 4).

The Court held a hearing to resolve the dispute.  At the hearing, Ms. Koenig testified that much of her work focused on the Trustee's efforts to sell the property.  (11/5/2019 Hearing at 1:40:45–2:00:50).[8] Ms. Koenig also detailed the process by which she attributed fees to the actions of various members of Ms. Mata's family.  (11/5/2019 Hearing at 2:18:00).  In opposition, Mr. Aguirre attempted to undermine the reasonableness and necessity of Ms. Koenig's fees.

---

[7] Additionally, the Aguirres asserted that the Trustee erroneously paid a dormant judgment lien, for which the Aguirres are due reimbursement.  (ECF No. 179 at 2–4).

[8] Specifically, Ms. Koenig detailed how she aided the Trustee's efforts: (1) to resolve the disputes between the members of Ms. Mata's family over the division of sale proceeds, (11/5/2019 Hearing at 1:41:10); (2) to effectuate the closing of the sale of the property, which required Ms. Koenig to prepare multiple motions to compel and motions seeking civil contempt findings,  (11/5/2019 Hearing at 1:41:10); (3) to list the property for sale, which included revising documents related to the sale, (11/5/2019 Hearing at 1:42:30, 1:45:55); and (4) to release encumbrances on the property.  (11/5/2019 Hearing at 1:55:00).

(11/5/2019 Hearing at 2:24:30–2:35:00).[9]  At the conclusion of the hearing, the Court directed the Aguirres to file supplemental briefing clarifying their objections and authorized Cooper & Scully to file a response.  (11/5/2019 Hearing at 2:48:00).

The Aguirres filed an "Amended Motion to Adjust Attorneys' Fees."  (*See* ECF No. 183). Largely, the Aguirres' amended motion reiterated the objections to Cooper & Scully's fee application set out in their original motion.  (ECF No. 183 at 1–5).  In response, Cooper & Scully clarified why it expended time on the tasks complained of by the Aguirres.  (ECF No. 184 at 1–6). However, Cooper & Scully conceded that a billing entry on account of a transcript order was erroneously included because it was never actually ordered.  (ECF No. 184 at 5–6).  Additionally, Cooper & Scully's response attempted to justify the allocation of legal fees between the members of Ms. Mata's family.  (ECF No. 184 at 7–9).[10]

After the parties' submitted their supplemental briefing, the Court took the matter under advisement.  This Memorandum Opinion resolves the dispute.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C § 1334(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O).  Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

## DISCUSSION

Cooper & Scully seeks professional fees pursuant to § 330(a).  Ricardo and Silvia Aguirre challenged this request, asserting Cooper & Scully billed for work unnecessarily undertaken and

---

[9] Mr. Aguirre also tried to establish that the Trustee should not have paid an allegedly dormant judgment lien encumbering the property.  (11/5/2019 Hearing at 2:35:00).  The Court noted that the erroneous payment of the judgment likely had no bearing on whether Cooper & Scully were entitled to the compensation requested.  (11/5/2019 Hearing at 2:48:00).

[10] Cooper & Scully justified the allocation by asserting it would be unfair to force all members of Ms. Mata's family to shoulder costs incurred on account of the actions of only some family members.  (ECF No. 184 at 8).

excessively carried out.  Independent of the Aguirres' challenge, the Court has a duty to examine Cooper & Scully's request.  *In re King*, 546 B.R. 682, 701 (Bankr. S.D. Tex. 2016).  Cooper & Scully's high fees are largely the result of the unnecessarily litigious family dispute, which dominated this case.  An examination of Cooper & Scully's billing entries reveals a failure to exercise "billing judgment" in requesting a small portion of the fees.  A reduction in the compensation requested is appropriate.  Set out below are the reasons the Court finds that Cooper & Scully is entitled $38,795.46 in fees and expenses.

### *Lodestar Method*

The lodestar amount is the starting point for determining the reasonable and necessary fees to which a professional employed under § 327 is entitled.  *In re Pilgrim's Pride Corp.*, 690 F.3d 650, 656 (5th Cir. 2012); *In re Cahill,* 428 F.3d 536, 539 (5th Cir. 2005).  The appropriate lodestar amount is calculated by multiplying the number of hours an attorney would reasonably spend on similar work by the prevailing hourly rate in the community for that type of work.  *Cahill*, 428 F.3d at 539; *see In re Lopez*, 576 B.R. 84, 92 (Bankr. S.D. Tex. 2017) (citing *In re Rodriguez*, 517 B.R. 724, 730 (Bankr. S.D. Tex. 2014)).  Section 330(a)(3) affords the Court discretion to adjust the rate charged and the number of hours billed.  11 U.S.C. § 330(a)(3)(A)–(B).

Under § 330(a)(1), an attorney may be compensated for actual and necessary services rendered, including services performed by paraprofessionals employed by the attorney.  11 U.S.C. § 330(a)(1)(A).  Section 330(a)(3) provides the following six factors, which the Court must consider when determining the reasonable amount compensation due:

(A)      the time spent on such services;

(B)      the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).  The use of the word "including" in § 330(a)(3) indicates the list is non-exhaustive.  *In re Chapter 13 Fee Applications*, 2006 WL 2850115 at *2; *see Pilgrim's Pride*, 690 F.3d at 656.  "Indeed, § 330(a)(3) mandates consideration of *all* relevant factors." *Chapter 13 Fee Applications*, 2006 WL 2850115 at * 2 (emphasis in original).  Other relevant factors the Court may consider are the twelve *Johnson* factors.  *Id.; see also Pilgrim's Pride*, 690 F.3d at 656.  The *Johnson* factors are:

(1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or other circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases.

*Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974).

Under § 330(a)(3), bankruptcy courts are granted "considerable discretion" in adjusting the lodestar amount up or down.  *Cahill*, 428 F.3d at 540.  This discretion authorizes the Court, "upon motion or *sua sponte*, to award a compensation that is less than the amount requested." *Id.* at 539.

At the same time, this discretion must be exercised within the confines of the factors enumerated in § 330(a)(3) and *Johnson*. *Pilgrim's Pride,* 690 F.3d at 656; *Lopez*, 576 B.R. at 94. And bankruptcy courts must describe the weight accorded to each factor and how each factor affects the award adjustment. *Cahill*, 428 F.3d at 540 (internal citations omitted).

Despite the discretion imbued on courts to adjust the lodestar, the lodestar amount is presumed to represent the reasonable amount of compensation due for professional services. *In re Garza*, No. 16-70444, 2020 WL 718444, at *5 (Bankr. S.D. Tex. Feb. 12, 2020) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). The party seeking compensation bears the burden of demonstrating the reasonableness of the request. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). To satisfy its burden, the applicant must produce documentation—normally contemporaneous billing records—which justifies an award of the amount request. *Id.*

Cooper & Scully seeks $41,410.00 in professional fees for its representation of the Chapter 7 Trustee, Rodney Tow. The following table provides a breakdown of the hours and rates charged by Cooper & Scully:

| Attorney/Paralegal | Rate per Hour | Total Hours Billed |
|---|---|---|
| Koenig, Julia | $425.00 | 94.4 |
| Garcia, Charlene | $100.00 | 12.9 |
| **Total Compensation for Services Requested:** | | **$41,410.00** |

In calculating the lodestar amount, the Court must begin by assessing whether the rates charged and the hours expended are reasonable.

A.    *Reasonableness of the Hourly Rate*

The reasonable hourly rate for professional services is "calculated according to the prevailing market rates in the relevant community." *Rodriguez*, 517 B.R. at 731 (citing *McClain*

*v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir.2011)).  Generally, the Court looks to the hourly

rates determined to be reasonable in similar cases.  *In re Cole*, No. 18-35182, 2020 WL 4577236,

at *10 (Bankr. S.D. Tex. July 20, 2020) (citing *In re Ahmadi*, No. 17-34134, 2018 WL 6523094,

at *4 (Bankr. S.D. Tex. Dec. 10, 2018)).

Cooper & Scully's application provides rates for both paralegal and attorney services.  Ms.

Garcia, a paralegal, billed at a rate of $100 per hour, which is equivalent to reasonable rates charged

by paraprofessionals in other cases.  *See, e.g., id.* (approving hourly rates between $100 and $150

for paraprofessional services).  Ms. Koenig too charged a reasonable rate. In her uncontroverted

testimony, Ms. Koenig established that her hourly rate of $425 per hour was on the "low end" of

the spectrum for work in similar cases.  (November 5, 2019 Hearing at 1:38:30 PM).  Additionally,

at this Court's November 5 hearing, Ms. Koenig established her extensive experience representing

bankruptcy trustees.  (November 5, 2019 Hearing at 1:38:30 PM).  Moreover, similar hourly rates

have been found to be appropriate in chapter 7 cases.  *In re Ritchey*, 512 B.R. 847, 869 (Bankr.

S.D. Tex. 2014) (accepting as reasonable an hourly rate of $450 per hour).  Therefore, the Court

finds that the hourly rates billed by Cooper & Scully for professional services are reasonable.

### B.     *Reasonableness of Hours Expended*

Section 330(a)(3) authorizes compensation only for those hours reasonably expended.

*Cahill,* 428 F.3d at 539.  Determining whether the number of hours expended is reasonable requires

the Court to assess an applicant's "billing judgment."  *Cole*, 2020 WL 4577236, at *10.[11]  The

applicant bears the burden of demonstrating billing judgment. *Saizan v. Delta Concrete Prod. Co.*,

---

[11] "Billing judgment" is a term of art, which refers to an applicant's use of discretion in differentiating between work for which compensation is allowed and non-compensable work, which must be written off. *See Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990), *opinion vacated in part on reh'g*, 903 F.2d 352 (5th Cir. 1990) (describing "billing judgment").  The Court utilizes the term as a term of art and not as a critique of counsel's general judgment.

448 F.3d 795, 799 (5th Cir. 2006) (citing *Walker v. City of Mesquite, TX*, 313 F.3d 246, 251 (5th Cir. 2002)).   To that end, billing judgment is demonstrated by evidence showing that the hours charged were reasonable and that "unproductive, excessive, or redundant" hours were "written off."   *Id.*   A failure to exercise billing judgment is remedied by reducing the fee award by a "percentage intended to substitute" appropriate billing judgment.   *In re Golden State Holdings, Inc.*, No. 14-36650, 2018 WL 6584900, at *6 (Bankr. S.D. Tex. Dec. 12, 2018) (citing *Alto-Shaam, Inc. v. Manitowoc Co.*, No. 7:09-CV-018-O, 2012 WL 12978015, at *4 (N.D. Tex. Feb. 2, 2012)).

This case demanded more time than a typical chapter 7 case.   The increased demand is attributable to the familial dispute over the ownership of Ms. Mata's property and the significant resistance the Trustee met in attempting to sell that property.   However, Cooper & Scully's billing records show several instances in which appropriate billing judgment was not exercised.   A reduction in fees is appropriate.

### 1.   Duplicative, Excessive, and Inadequately Documented Entries

Fees for "duplicative, excessive, or inadequately documented work" may be reduced or disallowed.   *Cole*, 2020 WL 4577236, at *10.   Work is excessive when, compared to similar work, the amount billed for the work is inexplicably high.   *See In re 1002 Gemini Interests LLC*, No. 11-38815, 2015 WL 913542, at *10 (Bankr. S.D. Tex. Feb. 27, 2015) (finding work to be excessive where fewer hours were billed for similar tasks previously undertaken).   Billing for certain "secretarial" tasks is also excessive.   *See In re Contreras*, No. 16-34693, 2019 WL 1868622, at *3 (Bankr. S.D. Tex. Apr. 25, 2019) ("Just because . . . paralegals [are] performing secretarial work does not make that work compensable."); *see also Alto-Shaam, Inc.*, 2012 WL 12978015, at *7 (reducing fees for excessively billed clerical tasks by 5% and by 10% where no evidence of billing judgment was presented).   Inadequately documented work includes time entries that are lumped

together, "block-billed,"[12] or vague, thereby preventing the Court from determining whether the services described are compensable, much less reasonable. *Lopez*, 576 B.R. at 102 (citing *In re Digerati Tech., Inc.*, 537 B.R. 317, 333 (Bankr. S.D. Tex. 2015)); *see also Gurule*, 2017 WL 67671821, at *4. The Court can exercise broad discretion in disallowing fees on account of vaguely or inadequately described work. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006); *Cahill*, 428 F.3d at 541–42.

Cooper & Scully's billing records include some entries that indicate Ms. Koenig billed for tasks excessively, some entries indicate that Ms. Koenig and Ms. Garcia billed for clerical work at their full billable rates, other entries do not provide enough detail to allow their reasonableness to be evaluated. *See Lopez*, 576 B.R. at 101–02. The following tables provide a sample of entries that are either so excessive or so vague that the Court cannot assess their reasonableness.

| Date | Timekeeper | Description | Hours | Rate | Total Amount Billed |
|------|-----------|-------------|-------|------|---------------------|
| 4/11/2019 | Koenig, Julie | Draft Second Emergency Motion to Compel and Order (2.1); identify, mark, highlight and prepare all exhibits for filing (1.8); email Ginnie for an updated Settlement Statement (0.1); review the statement - still has Mary Jones judgments - email Ginnie to remove them (0.2); review and mark revised Settlement Statement (0.1); prepare and file all documents (0.3); print filed documents (0.2); scanned and emailed to Ms. Do, Ricardo, Sylvia and Bert (0.2) | 5.00 | $425.00 | $2,125.00 |

The above billing entry from April 11 is a demonstrative instance of excessive billing. As noted in the entry, Ms. Koenig spent 2.1 hours drafting a second motion to compel and then spent

---

[12] "'[B]lock billing' refers to the time-keeping method by which each lawyer and legal assistant enters total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Gurule v. Land Guardian, Inc.*, No. 4:15-CV-03487, 2017 WL 67671821, at *4 (S.D. Tex Oct. 24, 2017).

1.8 preparing exhibits to attach to that motion.  After this preparation, Ms. Koenig continued to prepare the documents for filing for 0.3 hours.  And then Ms. Koenig spent 0.4 hours printing, scanning, and emailing the filed documents.  In total $2,125.00 was billed on account of the second motion to compel.  However, a review of the docket reveals that the second motion is essentially the first motion to compel, (*see* ECF No. 133), with four additional pages of facts and no legal authority.  (*see* ECF No. 151).  The eight exhibits to the motion include emails Ms. Koenig either sent or received, as well as documents that were in Ms. Koenig's custody at the time the motion was drafted.  (*See* ECF Nos. 155-1–155-8).  Billing almost four hours preparing a simple motion, which required no legal research or analysis, is excessive.  The remainder of the time billed in this entry could be fairly characterized as clerical work.

A 25% reduction to excessive billing entries is an appropriate remedy.  *See, e.g., Cole*, 2020 WL 4577236, at *13 (reducing excessive billing entries by 25%); *see also Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) (reducing a fee award where no evidence of billing judgment was exercised).  While Cooper & Scully should be compensated for work reasonably and efficiently undertaken, the Court should not approve these fees.  These entries are reduced by 25%, equivalent to a $828.75 reduction in fees. (*See* Appendix, entries 73–74, 118).[13]

Cooper & Scully also requests fees for purely clerical work.  *Alto-Shaam, Inc.*, 2012 WL 12978015, at *7.  Generally, attorneys' fees for clerical tasks are not recoverable.  *Symetra*, 2015 WL 6739022, at *8 (citing *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir.1986)).  When billing is appropriate, clerical tasks must be billed at a lower billing rate.  *Meadows v.*

---

[13] The billing entries related to other unsophisticated motions and pleadings are set out in Appendix A.  (*See* Appendix A, entries 73–74, 118).  Entries 73 and 74 appear to be duplicative, with entry 74 describing essentially the same task undertaken in 73 but requiring twice the time.

*Latshaw Drilling Co.*, LLC, No. 3:15-CV-1173-N, 2020 WL 291582, at \*4 (N.D. Tex. Jan. 21, 2020) (*Champion v. ADT Sec. Servs., Inc.*, 2010 WL 4736908, at \*6 (E.D. Tex. Nov. 16, 2010)).

Cooper & Scully seeks fees for numerous clerical tasks, examples of which are contained in the table below.[14]  The court disallows $1,577.50 in clerical billing, which is just over 3% of the total amount requested.  *See Alto-Shaam, Inc.*, 2012 WL 12978015, at \*7 (reducing the total fees requested by 5% on account of improperly billed clerical work); *see also Meadows*, 2020 WL 291582, at \*4 (reducing the total fees requested by 3% on account of improperly billed clerical work).

| Date | Timekeeper | Description | Hours | Rate | Total Amount Billed |
|------|-----------|-------------|-------|------|---------------------|
| 4/17/2018 | Koenig, Julie | Scan, rename and send Listing Agreement to Brad. | 0.20 | $425.00 | $85.00 |
| 10/29/2018 | Koenig, Julie | Save Order Authorizing Sale; send to Ginnie | 0.10 | $425.00 | $42.50 |
| 2/25/2019 | Koenig, Julie | Draft Motion and Order to Compel and for Sanctions (1.2); prepare and file with the Court (0.2); save and email copies to Ricardo, Sylvia, Brent and Raquel | 1.50 | $425.00 | $637.50 |
| 3/13/2019 | Garcia, Charlene | Mailed demand letter requesting deeds with self addressed envelope | 0.20 | $100.00 | $20.00 |
| 3/18/2019 | Garcia, Charlene | Sent reminder to Julie of today's hearing | 0.10 | $100.00 | $10.00 |

Cooper & Scully's fee award must be further reduced because certain billing entries contain "block-billed" time.  "Block-billed" time entries prevent the Court from parsing fees that are

---

[14] The remaining entries containing non-compensable clerical tasks are set out in Appendix A.  (*See* Appendix A, entries 4–5, 8, 19, 21–22, 26, 46, 68, 71, 79, 82, 93, 95–96, 102, 109, 133, 143–44, 146, 149, 155, 158–59, 161, 164–65, 168, 177, 179, 184).

reasonable and necessary from fees that are not. *Lopez*, 576 B.R. at 102. Below is a table containing time entries that exemplify "block-billing:"[15]

| Date | Timekeeper | Description | Hours | Rate | Total Amount Billed |
|------|-----------|-------------|-------|------|---------------------|
| 1/16/2019 | Koenig, Julie | Research underlying state court litigation; review pleadings and exhibits - Olivia never challenged the deed and the summary judgment has a certified copy attached; printed relevant documents and sent certified deed to Brent - all in preparation for today's hearing | 1.00 | $425.00 | $425.00 |
| 4/17/2019 | Koenig, Julie | Scan highlighted Title Company Disclosures to myself and Charlene; go through the documents with Charlene so she can meet with Ms. Jones to get everything signed and notarized; email highlighted Disclosures to Bert Reiner with instructions on what his parents need to fill out and request for original by Monday, 4/22/19; email highlighted Disclosures to Mr & Mrs. Aguirre with same instructions | 0.50 | $425.00 | $212.50 |

Cooper & Scully's January 16, 2019 entry contains three separate tasks and notes that 1 hour was expended on those tasks. However, the discrete amount of time spent on each task is not included in the entry. As such, the Court cannot assess the reasonableness of the time expended. *In re 900 Corp.*, 327 B.R. 585, 598 (Bankr. N.D. Tex. 2005). Similarly, the April 14, 2019 entry lumps four tasks together without specifying the amount of time spent on each individual task. Troublingly, this entry, and others contained in Cooper & Scully's application, include clerical tasks in the description (*i.e.,* scanning documents), but do not indicate whether that time was "written-off." Without knowledge of how much time was billed on account of each task described

---

[15] The remaining "block-billed" entries are identified in Appendix A. (*See* Appendix A, entries 9, 23, 25, 43, 47,50, 58, 59, 75–77, 83–84, 88, 97, 120, 126, 147, 150, 163, 174)

in the entries or whether such time was "written-off," the Court is unable to assess the reasonableness of these requests. *Id.*

Billing entries that do not detail their reasonableness or necessity may be reduced by an amount determined by the Court to be appropriate. *Lopez*, 576 B.R. at 102; *see also Symetra*, 2015 WL 6739022, at *7 (noting that both a 10% reduction and a 40% reduction in block-billed time were appropriate reductions based on the egregiousness of the block-billing in each instance). A reduction in fees is appropriate due to the lack of specificity in these entries and the Court's inability to discern their reasonableness or necessity. *Id.* While the amount of "block-billed" entries is not egregious,[16] Cooper & Scully made no effort to demonstrate it wrote-off non-compensable hours contained in the "block-billed" entries. *See Saizan*, 448 F.3d at 799. A 15% reduction of "block-billed" entries is appropriate. *See Symetra*, 2015 WL 6739022, at *8 (finding that courts have reasonably reduced fees by 15% for a failure to exercise billing judgment).

Finally, Cooper & Scully concedes that the entry below was unnecessarily billed. (Appendix A, entry 87). As such, it is disallowed.

| Date | Timekeeper | Description | Hours | Rate | Total Amount Billed | Reason Reduced |
|------|-----------|-------------|-------|------|---------------------|----------------|
| 3/13/2019 | Koenig, Julie | Review Docket Sheet for date of hearing; (0.1); pull transcript form from Court Website and complete to order a transcript of the 1/8/19 hearing; (0.5); pull copy of transcribers from Court website | 0.70 | $425.00 | $297.50 | Unnecessary |

---

[16] *Contra Lopez*, 576 B.R. at 101–02 (reducing 162.98 "block-billed" hours by 20%).

Accordingly, Cooper & Scully requested compensation is reduced by $3,232.93 due to excessive billing, improperly billed clerical work, "block-billed" entries, and unnecessarily billed work.

        2.    <u>Remaining Billing Entries</u>

From its outset, Ms. Mata's bankruptcy has been a tumultuous process, plagued by persistent familial infighting.  The infighting concerned the ownership of the property Ms. Mata used as her home, the sale of the property, the sale's closing, and the distribution of its proceeds. The Court is cognizant of the fact that Ms. Mata and her family were attempting to protect their rights by pushing back against the actions of the Trustee, the Court, and each other.  However, the Court also recognizes that their resistance created more work for the Trustee and Cooper & Scully.[17]  Ms. Mata and her family were advised at the outset of Cooper & Scully's employment that their fights could lead to additional fees. Cooper & Scully reasonably expended the hours not otherwise subject to reduction or disallowance.

Cooper & Scully's reasonable efforts include: (1) finalizing the sale of Ms. Mata's home and the distribution of sale proceeds;[18] (2) time spent securing the property for sale and obtaining the signatures necessary to the close the sale;[19] (3) Ms. Koenig's, and on occasion Ms. Garcia's, attendance at hearings set by the Court;[20] (4) attempting to resolve issues raised by the two state

---

[17] Ms. Koenig's testimony in support of the fee application detailed how the family's actions increased Cooper & Scully's workload beyond the Trustee's initial estimate.  (11/5/2019 Hearing at 1:40:45–2:00:50).

[18] *See* Appendix A, entries 1–3, 5–7, 9–20, 23–25, 27–45, 47–62, 71–72, 75–78, 85, 89–91, 97, 105–17, 119–32, 134, 136–37, 141, 145, 151–54, 156, 160, 164, 166, 173–75, 178.

[19] *See* Appendix A, entries 60–67, 69–70, 72, 81–84, 92–94, 100–01, 103–04, 118–19, 126, 135–36.

[20] *See* Appendix A, entries 15, 45, 101, 136, 145, 176, 182.

court lawsuits, which impeded the sale of Ms. Mata's home;[21] (5) aiding the Trustee's efforts to distribute the proceeds of the sale on an interim basis;[22] and (6) preparation of the its fee application.  11 U.S.C. § 330(a)(6).[23]

Therefore, the lodestar amount is $38,177.07

C.     *Additional Lodestar Adjustment*

The Court finds an adjustment to the lodestar amount is not appropriate.  Cooper & Scully did not request an upward lodestar adjustment in its application.  (ECF No. 174 at 4–5).  Likewise, the Aguirres do not seek a downward lodestar adjustment.  Instead, the Aguirres asserted that certain billing entries were unnecessary or excessive.  The foregoing discussion considered all of the Aguirres' meritorious challenges to the reasonableness of Cooper & Scully's request.  Furthermore, neither § 330(a)(3) nor the *Johnson* factors demand an adjustment of the lodestar amount based on the facts before the Court.

Accordingly, the Court finds the lodestar amount is an appropriate measure of the compensation due to Cooper & Scully.  *See Garza*, 2020 WL 718444, at *5 ("The Court begins by noting the strong presumption of the reasonableness of the lodestar amount, and the fact that Applicants must demonstrate a necessary adjustment to calculate a reasonable fee.").

### Reasonable Expenses

Cooper & Scully requested $618.39 in expenses.  (ECF No. 174 at 1).  These expenses include filing fees, costs related to research, postage, and printing costs.  (ECF No. 174-3 at 14–

---

[21] *See* Appendix A, entries 50, 57, 73–78, 80, 85, 87–88, 138–42, 147–50, 157, 163, 176.

[22] *See* Appendix A, entries 166, 173–75, 178, 180–83.

[23] *See* Appendix A, entries 167–70, 172–75, 185.

16).   The Aguirres did not challenge the reasonableness of these expenses.  Accordingly, Cooper & Scully may recover all $618.39 in requested expenses.  *See Ahmadi*, 2018 WL 6523094, at *5.

### *Allocation of Attorneys' Fees and Costs*

Finally, the Trustee allocated Cooper & Scully's costs and fees between the estate, Ms. Mata, and members of Ms. Mata's family.  Consistent with this Memorandum Opinion, the Trustee should revise the allocation of attorneys' fees.

### CONCLUSION

Cooper & Scully is entitled to $38,177.07 in fees and $618.39 in expenses.  The Court will issue an Order consistent with this Memorandum Opinion.   The table below illustrates the allowance and disallowance of fees and expenses:

| Requested Fee & Expenses | Amount | Subtotal | Total |
|---|---|---|---|
| Fess | | | |
| Requested | $ 41,410.00 | | |
| | | $ 41,410.00 | |
| Less | | | |
| Excessive Fees | $ 828.75 | | |
| Clerical Fees | $ 1,577.50 | | |
| Block-Billed Fees | $ 529.18 | | |
| Unnecessary Fees | $ 297.50 | | |
| | | $ 3,232.93 | |
| | | | $ 38,177.07 |
| | | | |
| Expenses | | | |
| Requested | $ 618.39 | | |
| | | $ 618.39 | |
| Less | $ 0.00 | | |
| | | | $ 618.39 |
| | | | |
| Allowed Fees & Expenses | | | $ 38,795.46 |

SIGNED 10/29/2020

_____

Marvin Isgur
United States Bankruptcy Judge

Isabel Mata - 16-033808

Appendix A

| | Glossary | BB | Block-Billed entries, reduced by 15% | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | E | Excessive entries, reduced by 25% | | | | | | |
| | | UN | Unnecessary entries, allowed at $0.00 | | | | | | |
| | | C | Clerical work, allowed at $0.00. Amount disallowed in mixed entries included in paranthetical. | | | | | | |
| | | A | Allowed in full | | | | | | |
| Entry | Date | Attorney | Detailed Description | Rate | Hours | Amount Requested | Allowed | Disallowed | Disallowance (See Glossary) |
| 1 | 4/16/2018 | Koenig, Julie | Review schedules, sofa, adversary, delineation of heirs, etc. | 0.70 | $425.00 | $297.50 | $297.50 | $0.00 | A |
| 2 | 4/16/2018 | Koenig, Julie | Review Listing Agreement, save agreement, make changes re: estate interest, etc. | 1.10 | $425.00 | $467.50 | $467.50 | $0.00 | A |
| 3 | 4/16/2018 | Koenig, Julie | Review provisions of Seller's Disclosure - Trustee cannot attest to any of it; add language to that effect; | 0.60 | $425.00 | $255.00 | $255.00 | $0.00 | A |
| 4 | 4/16/2018 | Garcia, Charlene | Prepared conflict matter number request and forward to conflicts. Opened file in Clients and Scan folders. | 0.20 | $100.00 | $20.00 | $0.00 | $20.00 | C |
| 5 | 4/17/2018 | Koenig, Julie | Review and revise Seller's Disclosures to Listing Agreement (0.2); scan and print; (0.1); discuss with Trustee | 0.40 | $425.00 | $170.00 | $127.50 | $42.50 | C (0.1) |
| 6 | 4/17/2018 | Koenig, Julie | Draft Application to Employ C&S, Order & Notice | 1.50 | $425.00 | $637.50 | $637.50 | $0.00 | A |
| 7 | 4/17/2018 | Koenig, Julie | Obtain the Trustee's signature on the Listing Agreement | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 8 | 4/17/2018 | Koenig, Julie | Scan, rename and send Listing Agreement to Brad. | 0.20 | $425.00 | $85.00 | $0.00 | $85.00 | C |
| 9 | 4/17/2018 | Koenig, Julie | Pull service list from PACER; revise Application to Employ C&S as per Trustee; prepare and file with the Court - gave to Erika to mail out. | 0.40 | $425.00 | $170.00 | $144.50 | $25.50 | BB |
| 10 | 4/18/2018 | Koenig, Julie | Draft application & order to employ Brad Shumway and Pin Drop Real Estate as realtors; review website, etc.; draft declaration; email to Brad for execution | 1.10 | $425.00 | $467.50 | $467.50 | $0.00 | A |
| 11 | 5/1/2018 | Koenig, Julie | Left message for Brad to call re: realtor's declaration; spoke to Brad re: same. | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 12 | 5/1/2018 | Koenig, Julie | Review schedules and notes regarding exemptions (0.4); discuss with Trustee on how to handle objection/sale | 0.60 | $425.00 | $255.00 | $255.00 | $0.00 | A |
| 13 | 5/2/2018 | Garcia, Charlene | Notarize Declaration for Robert Shumway | 0.20 | $100.00 | $20.00 | $20.00 | $0.00 | A |
| 14 | 6/26/2018 | Koenig, Julie | Spoke to Realtor re: listing and showings; prepared for hearing | 0.50 | $425.00 | $212.50 | $212.50 | $0.00 | A |
| 15 | 6/26/2018 | Koenig, Julie | Attend hearing on motion to reconsider | 1.00 | $425.00 | $425.00 | $425.00 | $0.00 | A |
| 16 | 9/12/2018 | Koenig, Julie | Spoke to Ori Batagower at NewQuest Properties regarding an offer on the Mata's house and how to proceed; emailed the Trustee re: same; reviewed and responded to Ori's email re: same | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 17 | 9/24/2018 | Koenig, Julie | Review, mark, scan and revise commercial contract (1.3); draft Trustee's Addendum (0.3); email to the Trustee and Brad | 1.70 | $425.00 | $722.50 | $722.50 | $0.00 | A |
| 18 | 10/1/2018 | Koenig, Julie | REview and respond to the Trustee's email regarding the commercial contract | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 19 | 10/3/2018 | Koenig, Julie | Review commercial contract for completeness and save as a pdf (0.2); add Exhibit A as a footer to the contract (0.1); begin drafting Motion to Sell including checking schedules, claims register and HCAD for information to include in the Motion (1.8); review docket sheet for main case and adversary to determine distribution of proceeds - print page 5 of ECF #34 for reference (0.4); discuss with the Trustee - only pay commissions, closing costs and taxes - remaining to be distributed under separate order (0.2); finish drafting motion to sell and order (0.6); prepare and file with the Court (0.2); gave to Erika to mail out. | 3.60 | $425.00 | $1,530.00 | $1,487.50 | $42.50 | C (0.1) |
| 20 | 10/9/2018 | Koenig, Julie | Work with Ginnie on the deeds, attempting to determine the true legal description of the property from warranty deeds filed of record vs. HCAD legal description | 0.50 | $425.00 | $212.50 | $212.50 | $0.00 | A |
| 21 | 10/29/2018 | Koenig, Julie | Save Order Authorizing Sale; send to Ginnie | 0.10 | $425.00 | $42.50 | $0.00 | $42.50 | C |
| 22 | 10/31/2018 | Garcia, Charlene | Mailed Certified Copy of Order Approving Sale to Ginnie Rogers | 0.10 | $100.00 | $10.00 | $0.00 | $10.00 | C |
| 23 | 11/27/2018 | Koenig, Julie | Review order setting hearing; review letters referenced in the orders and attachments; search probate records and texasfile.com for information on transfers | 0.70 | $425.00 | $297.50 | $252.87 | $44.63 | BB |
| 24 | 11/27/2018 | Koenig, Julie | Call Ginnie to check on status of closing; she will update title and send it to me - still problems with the City to work out. | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 25 | 11/27/2018 | Koenig, Julie | Draft Notice of Hearing on Letters; add Olivia Reiner to service list; prepare and file with the Court; gave to Erika to mail out. | 0.40 | $425.00 | $170.00 | $144.50 | $25.50 | BB |
| 26 | 11/27/2018 | Garcia, Charlene | Mail out- Order Setting Hearing | 0.30 | $100.00 | $30.00 | $0.00 | $30.00 | C |

Isabel Mata - 16-033808

Appendix A

| | Glossary | BB | Block-Billed entries, reduced by 15% | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | E | Excessive entries, reduced by 25% | | | | | | |
| | | UN | Unnecessary work, allowed at $0.00 | | | | | | |
| | | C | Clerical work, allowed at $0.00. Amount disallowed in mixed entries included in parenthetical. | | | | | | |
| | | A | Allowed in full | | | | | | |
| Entry | Date | Attorney | Detailed Description | Rate | Hours | Amount Requested | Allowed | Disallowed | Disallowance (See Glossary) |
| 27 | 12/14/2018 | Koenig, Julie | Review email from Julie Warren re: daughter claiming Ms. Mata has interest in other properties;(0.1); research CAD for Harris, Montgomery and Fort Bend Counties - print results; (0.4); spoke to Rachael, Ms. Mata's daughter re: same; made notes. | 0.60 | $425.00 | $255.00 | $255.00 | $0.00 | A |
| 28 | 12/18/2018 | Koenig, Julie | Read long email from Ms. Mata's daughter regarding her grandparent's properties, the children's inheritance, and potential estate assets; ask her to send the deeds. | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 29 | 12/18/2018 | Koenig, Julie | Review and respond to Raquel's email regarding deeds to the properties | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 30 | 12/18/2018 | Koenig, Julie | Review email from Raquel and attached deeds and affidavits to her Mom from Ricardo and Olivia | 0.40 | $425.00 | $170.00 | $170.00 | $0.00 | A |
| 31 | 12/18/2018 | Koenig, Julie | Review email from Raquel with attached deeds from her Mom to Ricardo; (0.3); compare deed from Ricardo to Isabel with deed from Isabel to Ricardo - did he take part of 3921 N. Main? | 0.50 | $425.00 | $212.50 | $212.50 | $0.00 | A |
| 32 | 12/18/2018 | Koenig, Julie | Review adversary proceeding documents - make notes of parents, children and deeds; review orders setting hearings - print and save relevant documents; (1.4); review documents from main case and letters regarding the distribution of proceeds from the sale of 3921 N. Main. | 1.80 | $425.00 | $765.00 | $765.00 | $0.00 | A |
| 33 | 12/18/2018 | Koenig, Julie | Review emails from Raquel and attached checks; maps, etc. | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 34 | 12/18/2018 | Koenig, Julie | Discuss case with the Trustee re: potential estate property, hearings in the adversary, distribution to heirs, etc. | 0.50 | $425.00 | $212.50 | $212.50 | $0.00 | A |
| 35 | 12/18/2018 | Koenig, Julie | Spoke to Ginnie Rogers at American Title re: potential for Ricardo to have retained part of once was 3921 N. Main in his deed to 206 Walton; discussed title policy findings, closing, etc. | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 36 | 12/18/2018 | Koenig, Julie | Continue working on intestate succession on all properties inherited from the parents | 1.10 | $425.00 | $467.50 | $467.50 | $0.00 | A |
| 37 | 12/19/2018 | Koenig, Julie | Map out inheritance percentages per property; (0.7); email to Raquel and Ginnie for assistance. | 0.80 | $425.00 | $340.00 | $340.00 | $0.00 | A |
| 38 | 12/19/2018 | Koenig, Julie | Pull tax bill on 3921 N. Main; (0.2); pull HCAD proof of claim; (0.1); determine taxes owed by each relative - flawed because of dates (0.3); emailed Tara for a breakdown of total taxes owed by year (0.1) | 0.70 | $425.00 | $297.50 | $297.50 | $0.00 | A |
| 39 | 12/19/2018 | Koenig, Julie | Spoke to Pam at Keever Law regarding title to 206 Walton and 3931 N. Main; She will have Ginnie pull a full title commitment on both properties | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 40 | 12/19/2018 | Koenig, Julie | Spoke to Raquel regarding the property division and the other properties | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 41 | 12/20/2018 | Koenig, Julie | spreadsheet taxes from 1994 to 2018 with allocations of taxes due per ownership interest | 3.20 | $425.00 | $1,360.00 | $1,360.00 | $0.00 | A |
| 42 | 1/2/2019 | Koenig, Julie | Review emails and tax payment information from Raquel; asked her to send Reese Baker's client agreement | 0.40 | $425.00 | $170.00 | $170.00 | $0.00 | A |
| 43 | 1/3/2019 | Koenig, Julie | Print and review client retainer agreement from Reese Baker and deed from Ricardo to Sylvia regarding Ms. Mata's property | 0.20 | $425.00 | $85.00 | $72.25 | $12.75 | BB |
| 44 | 1/8/2019 | Koenig, Julie | Identify, mark and print exhibits and prepare exhibit list (2.4); prepare cover sheet and give to Charlene to bind for the Court | 2.50 | $425.00 | $1,062.50 | $1,062.50 | $0.00 | A |
| 45 | 1/8/2019 | Koenig, Julie | Attend hearings on division of proceeds from sale of N. Main Street | 1.50 | $425.00 | $637.50 | $637.50 | $0.00 | A |
| 46 | 1/8/2019 | Garcia, Charlene | Prepared Exhibit List notebooks per scheduled hearing this afternoon | 2.50 | $100.00 | $250.00 | $0.00 | $250.00 | C |
| 47 | 1/9/2019 | Koenig, Julie | Spoke to Ricardo re: discrepancy in amounts for Mary and Sylvia; reviewed Judge Isgur's percentages and Mr. Aguirre's and he is correct, there is a discrepancy with Mary's inheritance from Benito not going to Sylvia. Revised and printed my spreadsheet for the Trustee | 0.30 | $425.00 | $127.50 | $108.37 | $19.13 | BB |
| 48 | 1/14/2019 | Koenig, Julie | Review and respond to Raquel's email regarding the division of funds | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 49 | 1/16/2019 | Koenig, Julie | Review email from Brent, Olivia's son regarding her deed; pulled and printed the deed Ginnie sent and asked her how hard it would be to get a certified copy; responded to Brent's email | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 50 | 1/16/2019 | Koenig, Julie | Research underlying state court litigation; review pleadings and exhibits - Olivia never challenged the deed and the summary judgment has a certified copy attached; printed relevant documents and sent certified deed to Brent - all in preparation for today's hearing | 1.00 | $425.00 | $425.00 | $361.25 | $63.75 | BB |
| 51 | 1/16/2019 | Koenig, Julie | Met with the Trustee and the Mata and Aguirre families to discuss the costs of sale; distribution of proceeds, their objections, etc | 2.00 | $425.00 | $850.00 | $850.00 | $0.00 | A |

|  | Glossary | BB | Block-Billed entries, reduced by 15% | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
|  |  | E | Excessive entries, reduced by 25% | | | | | | |
|  |  | UN | Unnecessary work, allowed at $0.00 | | | | | | |
|  |  | C | Clerical work, allowed at $0.00. Amount disallowed in mixed entries included in parenthetical. | | | | | | |
|  |  | A | Allowed in full | | | | | | |
| Entry | Date | Attorney | Detailed Description | Rate | Hours | Amount Requested | Allowed | Disallowed | Disallowance (See Glossary) |
| 52 | 1/21/2019 | Koenig, Julie | REview and respond to Raquel's email regarding Mr. Baker's proof of claim | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 53 | 1/25/2019 | Koenig, Julie | Read Court's Order on the latest filings by Raquel and Bert; save and email the order to them | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 54 | 1/29/2019 | Koenig, Julie | Review and respond to Raquel's inquiry regarding closing | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 55 | 1/29/2019 | Koenig, Julie | Pull names of all interest holders and the order authorizing the sale; (0.2); draft Trustee's deed with vendor's lien; (0.7); email to Ginnie & Pam | 1.00 | $425.00 | $425.00 | $425.00 | $0.00 | A |
| 56 | 1/31/2019 | Garcia, Charlene | Received a telephone call from Ricardo stating he was checking status on an ER Hearing Julie was going to file in regards to the dispute of the property. He also stated he is not getting notices that Ted files. He filed a motion for more fee payments and he did not get notice and wants to attend that meeting. He stated he needs a breakdown of Ted's and Julie's fees. I emailed Julie with this information | 0.30 | $100.00 | $30.00 | $30.00 | $0.00 | A |
| 57 | 2/6/2019 | Koenig, Julie | Review Schedule C #7 for style of lawsuit (0.1); research lawsuit on the Harris County Clerk's website and print relevant documents (0.4); draft Agreed Final Order of Dismissal (0.6); spoke to Ed Harrell's secretary re: dismissing as to his client Olivia Reiner; (0.2); attempted to contact Ms. Mata's state court counsel - no answer - sent him an email re: signing the order (0.1); returned Ricardo's call and left a message | 1.50 | $425.00 | $637.50 | $637.50 | $0.00 | A |
| 58 | 2/20/2019 | Koenig, Julie | Discuss closing with the Trustee; pull a copy of the information sheet required by Ginnie; emailed Raquel, Bert and Sylvia re: a meeting - attached the Trustee's Deed and the information sheet | 0.30 | $425.00 | $127.50 | $108.37 | $19.13 | BB |
| 59 | 2/21/2019 | Koenig, Julie | Discuss Ricardo's email with the Trustee; email Agreed Order of Dismissal of the state court litigation to Ed Harrell and Ghazal Vahora for execution with an explanation | 0.40 | $425.00 | $170.00 | $144.50 | $25.50 | BB |
| 60 | 2/21/2019 | Koenig, Julie | Draft email to Ricardo & Sylvia - send to the Trustee, review his response; revise and send the email regarding motion to compel | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 61 | 2/21/2019 | Koenig, Julie | Discussed documents to be signed with Bert; discussed appeals, etc.; emailed documents to Bert for his mother to sign. | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 62 | 2/25/2019 | Koenig, Julie | Conference call with the Trustee and Ricardo Aguirre | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 63 | 2/25/2019 | Koenig, Julie | Draft Motion and Order to Compel and for Sanctions (1.2); prepare and file with the Court (0.2); save and email copies to Ricardo, Sylvia, Brent and Raquel | 1.50 | $425.00 | $637.50 | $637.50 | $0.00 | A |
| 64 | 2/25/2019 | Koenig, Julie | REview Court's remarks on docket (0.1); draft Order Granting Trustee's Motion to Compel (0.6); email to the Trustee | 0.80 | $425.00 | $340.00 | $340.00 | $0.00 | A |
| 65 | 2/25/2019 | Koenig, Julie | Spoke to Raquel re: the motion | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 66 | 2/25/2019 | Koenig, Julie | Spoke to the Trustee re: Order Granting Motion to Compel (0.1); conference call with Ginnie 2x re: Settlement Statement | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 67 | 2/25/2019 | Koenig, Julie | Prepare Exhibits A - C for filing, prepare Order for filing | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 68 | 2/25/2019 | Garcia, Charlene | Mailed Trustee's ER Motion to Compel Execution of Closing Documents and for Sanctions a Hearing Request and Order Setting Hearing to Mary Jones per Julie's request | 0.20 | $100.00 | $20.00 | $0.00 | $20.00 | C |
| 69 | 2/26/2019 | Koenig, Julie | Discuss proposed order and settlement statement with the Trustee; revise the Order to remove the settlement statement and add a footnote re: when it is anticipated | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 70 | 2/26/2019 | Koenig, Julie | Review and respond to Bert's email regarding the documents for Ms. Reiner to sign; attach the documents again. | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 71 | 2/26/2019 | Koenig, Julie | Scan, footnote and attach exhibits to Trustee's Special Warranty Deed (0.3); prepare all documents and file with the Court (0.5); receive, print, scan, rename and email proposed order and exhibits to Ms. Do with a copy to the Trustee, Ricardo, Sylvia, Raquel and Bert. | 1.00 | $425.00 | $425.00 | $340.00 | $85.00 | C (0.2) |
| 72 | 2/27/2019 | Koenig, Julie | Review Brad Shumway's email regarding the City issues | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 73 | 3/5/2019 | Koenig, Julie | Pull and review pleadings in state court litigation; (0.4); discuss counter-claims with the Trustee (0.1); draft joint notice of partial non-suit (0.6); revise as per Fred's suggestions (0.2); send to Ginnie for underwriting's approval | 1.40 | $425.00 | $595.00 | $446.25 | $148.75 | E |
| 74 | 3/6/2019 | Koenig, Julie | Read Ginnie's email with underwriter's comments; (0.1) Draft Joint Motion and Order for Partial Non-Suit as per underwriter's instructions (1.2); Email to Ginnie for their review (0.1) | 1.40 | $425.00 | $595.00 | $446.25 | $148.75 | E |
| 75 | 3/6/2019 | Koenig, Julie | Review all abstracts of judgment and liens against Mary Jones and the Aguirres; scanned and emailed judgments to the Aguirres; spoke to Mary about hers; emailed Ginnie the results | 0.50 | $425.00 | $212.50 | $180.62 | $31.88 | BB |
| 76 | 3/6/2019 | Koenig, Julie | Review abstract against the Debtor; research case on District PACER; email Ginnie re: same | 0.30 | $425.00 | $127.50 | $108.37 | $19.13 | BB |

| | Glossary | BB | Block-Billed entries, reduced by 15% | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | E | Excessive entries, reduced by 25% | | | | | | |
| | | UN | Unnecessary work, allowed at $0.00 | | | | | | |
| | | C | Clerical work, allowed at $0.00. Amount disallowed in mixed entries included in parenthetical. | | | | | | |
| | | A | Allowed in full | | | | | | |
| Entry | Date | Attorney | Detailed Description | Rate | Hours | Amount Requested | Allowed | Disallowed | Disallowance (See Glossary) |
| 77 | 3/7/2019 | Koenig, Julie | Review emails from the Trustee, Ginnie and Sylvia; reply to Sylvia's email regarding judgments against Ricardo and the need for the information sheet | 0.40 | $425.00 | $170.00 | $144.50 | $25.50 | BB |
| 78 | 3/7/2019 | Koenig, Julie | Discuss all issues regarding closing, paperwork, settlement statement, etc. with the Trustee | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 79 | 3/7/2019 | Garcia, Charlene | Gave Information Statement for Sellers and Borrowers to Erika to overnight and send with a 2 day envelope for return | 0.20 | $100.00 | $20.00 | $0.00 | $20.00 | C |
| 80 | 3/8/2019 | Koenig, Julie | Review Notice to the Court and Motion for Summary Judgment in the state court litigation; email Chuck re: same | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 81 | 3/11/2019 | Koenig, Julie | Spoke to the Trustee about the Debtor refusing to let the workmen on the property (0.2); spoke to Brad and the police about the procedure to have her removed (0.3); reviewed the Trustee's text and responded | 0.60 | $425.00 | $255.00 | $255.00 | $0.00 | A |
| 82 | 3/11/2019 | Koenig, Julie | Spoke to the Trustee about an eviction order - he requested an emergency motion with Judge Isgur (0.1); drafted emergency motion, order for hearing, and order on motion to have the Debtor vacate the premises; (1.0); prepare and file with the Court (0.2); gave to Erika to mail out (0.1); scanned and emailed to Raquel to give to the Debtor and to Ms. Do to give to the Court (0.1) | 1.50 | $425.00 | $637.50 | $552.50 | $85.00 | C (0.2) |
| 83 | 3/11/2019 | Koenig, Julie | Review Court's Order on Emergency Motion to Compel the Debtor; discussed the order with Brad Shumway; discussed the order with the Trustee | 0.30 | $425.00 | $127.50 | $108.37 | $19.13 | BB |
| 84 | 3/12/2019 | Koenig, Julie | Pull Order Granting Trustee's Emergency Motion to Compel the Debtor; email to Brad Shumway, copy the Trustee, Julie Warren and Raquel Winn | 0.20 | $425.00 | $85.00 | $72.25 | $12.75 | BB |
| 85 | 3/12/2019 | Koenig, Julie | Review and respond to Ed Harrell's email about withdrawing from the state court litigation | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 86 | 3/12/2019 | Garcia, Charlene | Received the statement of identity from Ms. Jones. Scanned and emailed to Ginnie Rogers | 0.20 | $100.00 | $20.00 | $20.00 | $0.00 | A |
| 87 | 3/13/2019 | Koenig, Julie | Review Docket Sheet for date of hearing; (0.1); pull transcript form from Court Website and complete to order a transcript of the 1/8/19 hearing; (0.5); pull copy of transcribers from Court website | 0.70 | $425.00 | $297.50 | $0.00 | $297.50 | UN |
| 88 | 3/13/2019 | Koenig, Julie | Review Docket Sheet for motions to reconsider the Court's 1/9/19 judgment; review and respond to Mr. Aguirre's email | 0.40 | $425.00 | $170.00 | $144.50 | $25.50 | BB |
| 89 | 3/13/2019 | Koenig, Julie | Draft demand letter to Ms. Mata for all original deeds to 3921 N. Main Street; gave to Charlene to mail out | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 90 | 3/13/2019 | Koenig, Julie | Pull ownership history from 301 Cordell and sent to Ginnie to show Ms. Jones has owned that property since 1988 | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 91 | 3/13/2019 | Koenig, Julie | Pull Settlement Statement, calculate the equity for Ricardo and Sylvia; calculate the amount of judgments against them as shown on the settlement statement; discuss with the Trustee | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 92 | 3/13/2019 | Koenig, Julie | Go to Ms. Mata's property to meet Brad and try to talk to her about moving - refused to obey the Court's order to move; (1.2) discussed with the Trustee (0.2); - went to the U.S. Marshall's office re: same (0.8 | 2.40 | $425.00 | $1,020.00 | $1,020.00 | $0.00 | A |
| 93 | 3/13/2019 | Koenig, Julie | Review and revise Trustee's Emergency Motion for Civil Contempt (0.7); draft Order for Hearing (0.2); draft Order Granting Motion (0.5); prepare and file with the Court (0.3); gave to Charlene to mail out (0.1); scanned and emailed to Ms. Do (0.1); delivered a copy to | 2.20 | $425.00 | $935.00 | $850.00 | $85.00 | C (0.2) |
| 94 | 3/13/2019 | Garcia, Charlene | Telephone call from Mr. Tow, he needs the ER Motion to Compel debtor and vacate the property along with the order. Pulled and emailed. He needs the Word form, emailed | 0.20 | $100.00 | $20.00 | $20.00 | $0.00 | A |
| 95 | 3/13/2019 | Garcia, Charlene | Mailed demand letter requesting deeds with self addressed envelope | 0.20 | $100.00 | $20.00 | $0.00 | $20.00 | C |
| 96 | 3/13/2019 | Garcia, Charlene | Mail out- Trustee's ER Motion Seeking Civil Contempt Relief Regarding Debtors Failure to Vacate as Ordered by the Court at Docket No. 140 and Request for Hearing | 0.50 | $100.00 | $50.00 | $0.00 | $50.00 | C |
| 97 | 3/15/2019 | Koenig, Julie | REview Raquel's email regarding her mother and the hearing; pulled order of conversion and underlying motion from pacer and sent it to her | 0.30 | $425.00 | $127.50 | $108.37 | $19.13 | BB |
| 98 | 3/18/2019 | Koenig, Julie | Email Brad the information sheet and settlement statement | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 99 | 3/18/2019 | Koenig, Julie | EMail the order setting hearing and Ms. Mata's objection to Bert and Ricardo/Sylvia | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 100 | 3/18/2019 | Koenig, Julie | Prepare exhibits, exhibit & witness list; print for hearing; prepare and file with the Court | 1.00 | $425.00 | $425.00 | $425.00 | $0.00 | A |
| 101 | 3/18/2019 | Koenig, Julie | Attend hearing on Trustee's motion for civil contempt | 1.00 | $425.00 | $425.00 | $425.00 | $0.00 | A |
| 102 | 3/18/2019 | Garcia, Charlene | Sent reminder to Julie of today's hearing | 0.10 | $100.00 | $10.00 | $0.00 | $10.00 | C |

| | Glossary | BB | Block-Billed entries, reduced by 15% | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | E | Excessive entries, reduced by 25% | | | | | | |
| | | UN | Unnecessary entries, allowed at $0.00 | | | | | | |
| | | C | Clerical work, allowed at $0.00. Amount disallowed in mixed entries included in paranthetical. | | | | | | |
| | | A | Allowed in full | | | | | | |
| Entry | Date | Attorney | Detailed Description | Rate | Hours | Amount Requested | Allowed | Disallowed | Disallowance (See Glossary) |
| 103 | 3/18/2019 | Garcia, Charlene | Received voice mail from a Mr. Stokes regarding hearing for today, forward to Julie | 0.20 | $100.00 | $20.00 | $20.00 | $0.00 | A |
| 104 | 3/19/2019 | Koenig, Julie | Draft Order after hearing on Trustee's Emergency Motion for Civil Contempt; (0.7) prepare and file with the Court;(0.2); email to Ms. Do | 1.00 | $425.00 | $425.00 | $425.00 | $0.00 | A |
| 105 | 3/20/2019 | Koenig, Julie | Return Mary's call & left a message | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 106 | 3/20/2019 | Koenig, Julie | Attempted to return Raquel's call but mail box not set up | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 107 | 3/20/2019 | Koenig, Julie | Return Pam's call; left message | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 108 | 3/20/2019 | Koenig, Julie | Telephone conference with Pam Keever regarding Ricardo's demands to see original deeds, refusal to sign information sheet, and judgments against him | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 109 | 3/20/2019 | Koenig, Julie | Draft notice of trustee's interest in property (0.5); pull real property description (0.2); gave to Erika to have filed | 0.80 | $425.00 | $340.00 | $297.50 | $42.50 | C (0.1) |
| 110 | 3/20/2019 | Garcia, Charlene | Notarized Acknowledgement for Julie | 0.10 | $100.00 | $10.00 | $10.00 | $0.00 | A |
| 111 | 3/26/2019 | Garcia, Charlene | Received telephone call from Ms. Mary Jones, needing to know the status on the property documents being signed. I advised I would discuss this will Julie and give her a call tomorrow with the status. Emailed Julie | 0.20 | $100.00 | $20.00 | $20.00 | $0.00 | A |
| 112 | 3/27/2019 | Koenig, Julie | Review and respond to Charlene's email regarding information sought by Ms. Jones on the documents | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 113 | 3/27/2019 | Garcia, Charlene | Received email from Julie stating to call Ms. Jones regarding her question and advise they should be signing all the paperwork in regards to the property sometime next week, left a voice mail | 0.20 | $100.00 | $20.00 | $20.00 | $0.00 | A |
| 114 | 4/2/2019 | Koenig, Julie | Email Ricardo and Sylvia re: signing documents | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 115 | 4/4/2019 | Koenig, Julie | Review and respond to Brad's email regarding Ricardo reviewing the original deed | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 116 | 4/11/2019 | Koenig, Julie | Pull and review all emails with Ricardo, Sylvia, Bert, the Trustee and myself and the title commitment | 1.00 | $425.00 | $425.00 | $425.00 | $0.00 | A |
| 117 | 4/11/2019 | Koenig, Julie | Email Ginnie for an updated Settlement Statement | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 118 | 4/11/2019 | Koenig, Julie | Draft Second Emergency Motion to Compel and Order (2.1); identify, mark, highlight and prepare all exhibits for filing (1.8); email Ginnie for an updated Settlement Statement (0.1); review the statement - still has Mary Jones judgments - email Ginnie to remove them (0.2); review and mark revised Settlement Statement (0.1); prepare and file all documents (0.3); print filed documents (0.2); scanned and emailed to Ms. Do, Ricardo, Sylvia and Bert (0.2) | 5.00 | $425.00 | $2,125.00 | $1,593.75 | $531.25 | E |
| 119 | 4/15/2019 | Koenig, Julie | Print all documents for Ms. Reiner to sign - she did not show; gave to Charlene in case she comes later; emailed Bert re: same | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 120 | 4/16/2019 | Koenig, Julie | Review emails between the Trustee and Ginnie; review and print additional documents required by the title company | 0.20 | $425.00 | $85.00 | $72.25 | $12.75 | BB |
| 121 | 4/16/2019 | Koenig, Julie | Met with Mr. & Mrs. Reiner and Bert to review and sign documents | 0.50 | $425.00 | $212.50 | $212.50 | $0.00 | A |
| 122 | 4/16/2019 | Koenig, Julie | Review Title Company Disclosures with Ginnie as to what they have to sign or initial; (0.4); discuss with Trustee and discuss amending the order so funds go to him to hold | 0.60 | $425.00 | $255.00 | $255.00 | $0.00 | A |
| 123 | 4/16/2019 | Koenig, Julie | Review Title Company Disclosures (42 pages), mark questions for Ginnie | 0.50 | $425.00 | $212.50 | $212.50 | $0.00 | A |
| 124 | 4/16/2019 | Garcia, Charlene | Telephone call to Mrs. Mary Jones, left a voice mail regarding meeting on Friday to sign documents | 0.10 | $100.00 | $10.00 | $10.00 | $0.00 | A |
| 125 | 4/16/2019 | Garcia, Charlene | Notarized Trustee's Warranty Deed and Vender's Lien- Mrs. Reiner | 0.20 | $100.00 | $20.00 | $20.00 | $0.00 | A |
| 126 | 4/17/2019 | Koenig, Julie | Scan highlighted Title Company Disclosures to myself and Charlene; go through the documents with Charlene so she can meet with Ms. Jones to get everything signed and notarized; email highlighted Disclosures to Bert Reiner with instructions on what his parents need to fill out and request for original by Monday, 4/22/19; email highlighted Disclosures to Mr & Mrs. Aguirre with same instructions | 0.50 | $425.00 | $212.50 | $180.62 | $31.88 | BB |
| 127 | 4/17/2019 | Garcia, Charlene | Received Title Company Disclosures and reviewed with Julie | 0.30 | $100.00 | $30.00 | $30.00 | $0.00 | A |
| 128 | 4/17/2019 | Garcia, Charlene | Left voice mail for Mary Jones regarding meeting on Friday | 0.10 | $100.00 | $10.00 | $10.00 | $0.00 | A |
| 129 | 4/17/2019 | Garcia, Charlene | Telephone call from Mary Jones, set up meeting on Friday to sign and notarize documents. Explained what the documents were | 0.30 | $100.00 | $30.00 | $30.00 | $0.00 | A |

Isabel Mata - 16-033808

Appendix A

| | Glossary | BB | Block-Billed entries, reduced by 15% | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | E | Excessive entries, reduced by 25% | | | | | | |
| | | UN | Unnecessary entries, allowed at $0.00 | | | | | | |
| | | C | Clerical work, allowed at $0.00. Amount disallowed in mixed entries included in parenthetical. | | | | | | |
| | | A | Allowed in full | | | | | | |

| Entry | Date | Attorney | Detailed Description | Rate | Hours | Amount Requested | Allowed | Disallowed | Disallowance (See Glossary) |
|---|---|---|---|---|---|---|---|---|---|
| 130 | 4/19/2019 | Garcia, Charlene | Met with Mary Jones to sign and notarize documents, Trustee's Warranty Deed and Vendors Lien, Settlement Statement, and Title Company Disclosures | 0.50 | $100.00 | $50.00 | $50.00 | $0.00 | A |
| 131 | 4/22/2019 | Koenig, Julie | Discuss documents with Charlene - still missing the Title documents from the Reiner's and everything from the Aguirre's. | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 132 | 4/22/2019 | Garcia, Charlene | Received voice mail from Mary Jones with her social security number to add to the paperwork signed on Friday. Updated paperwork | 0.20 | $100.00 | $20.00 | $20.00 | $0.00 | A |
| 133 | 4/22/2019 | Garcia, Charlene | Made copies and scanned all documents signed from Mary Jones and Olivia Reiner | 0.30 | $100.00 | $30.00 | $0.00 | $30.00 | C |
| 134 | 4/23/2019 | Koenig, Julie | Review Trustee's email re: Title Documents and Settlement Statement; pull latest settlement statement and email to him | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 135 | 4/23/2019 | Koenig, Julie | Prepare for motion for sanctons hearing | 1.00 | $425.00 | $425.00 | $425.00 | $0.00 | A |
| 136 | 4/23/2019 | Koenig, Julie | Attend hearing on Motion for Sanctions; stay for originals to be copied; gave originals to Brad to take to the Title Company | 2.00 | $425.00 | $850.00 | $850.00 | $0.00 | A |
| 137 | 4/23/2019 | Koenig, Julie | Discuss closing, case and motion to amend with the Trustee | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 138 | 4/23/2019 | Koenig, Julie | Review lawsuit filed by Olivia against Isabel in County Civil Court at Law #1; review docket sheet, etc | 0.50 | $425.00 | $212.50 | $212.50 | $0.00 | A |
| 139 | 4/23/2019 | Koenig, Julie | Two Conference calls with the Trustee & Bert re: lawsuit | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 140 | 4/23/2019 | Koenig, Julie | Discuss lawsuit with Jim Stokes; email him a copy | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 141 | 4/23/2019 | Koenig, Julie | Emails with the Trustee and Ginnie regarding the lawsuit and the impact on today's closing | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 142 | 4/23/2019 | Koenig, Julie | Review Isabel's appeal - should have been dismissed after March 15 if defects not cured; emailed Case Manager re: same; reviewed her response. | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 143 | 4/23/2019 | Garcia, Charlene | Received the Title Company Disclosures from Mrs. Reiner, they were left on my chair. Scanned and saved | 0.20 | $100.00 | $20.00 | $0.00 | $20.00 | C |
| 144 | 4/23/2019 | Garcia, Charlene | Gathered all the signed documents from Mrs. Reiner and Mrs. Jones, gave to Julie per today's hearing | 0.20 | $100.00 | $20.00 | $0.00 | $20.00 | C |
| 145 | 4/23/2019 | Garcia, Charlene | Attended the Trustee's Hearing on Second Emergency Motion to Compel. Notarized the Trustee's Warranty Deed and Vendors Lien and Title Company Disclosures for Mr. & Mrs. Aguirre | 1.00 | $100.00 | $100.00 | $100.00 | $0.00 | A |
| 146 | 4/23/2019 | Garcia, Charlene | Mailed copies of the Settlement Statement, Title Company Disclosures, Trustee's Special Warranty Deed, Identity Document and the Nonsuit document to Mrs. Jones and Mrs. Reiner | 0.20 | $100.00 | $20.00 | $0.00 | $20.00 | C |
| 147 | 4/24/2019 | Koenig, Julie | Check state court litigation - dismissal not filed; save all documents filed in the case | 0.50 | $425.00 | $212.50 | $180.62 | $31.88 | BB |
| 148 | 4/24/2019 | Koenig, Julie | Discuss removal of state court case with the Trustee; discuss amended order with Ginnie & Pam re: what is needed for closing | 0.30 | $425.00 | $127.50 | $127.50 | $0.00 | A |
| 149 | 4/24/2019 | Koenig, Julie | Draft Notice of Removal of State Court Lawsuit (2.1); prepare and file with the Court (0.4); copied, scanned & gave to Charlene for filing in State Court proceeding | 2.80 | $425.00 | $1,190.00 | $1,062.50 | $127.50 | C (0.3) |
| 150 | 4/24/2019 | Koenig, Julie | Reviewed filing in State Court Lawsuit; downloaded filed document; saved to file | 0.20 | $425.00 | $85.00 | $72.25 | $12.75 | BB |
| 151 | 4/24/2019 | Koenig, Julie | Discussed motion for amended order of sale with the Trustee | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 152 | 4/24/2019 | Koenig, Julie | Draft Expedited Motion & Order to Amend Sales Order(2.5) email to Ginnie, Pam & the Trustee | 2.60 | $425.00 | $1,105.00 | $1,105.00 | $0.00 | A |
| 153 | 4/24/2019 | Koenig, Julie | Discuss motion and order with Ginnie and Pam; make suggested revisions | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 154 | 4/24/2019 | Koenig, Julie | Review Trustee's emailed comments to motion and order; make revisions re: same | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 155 | 4/24/2019 | Koenig, Julie | Prepare and file motion, exhibit and order with the Court; scan and email to Ms. Do; gave to Erika to mail out | 0.40 | $425.00 | $170.00 | $127.50 | $42.50 | C (0.1) |
| 156 | 4/24/2019 | Koenig, Julie | Spoke to Ginnie and Pam re: underwriters won't allow closing until 15 days after amended order signed | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 157 | 4/24/2019 | Garcia, Charlene | Efiled Notice of Removal of State Court Action regarding Olivia Reiner. Mailed to Mrs. Reiner, Mrs. Mata and James Stokes | 0.30 | $100.00 | $30.00 | $30.00 | $0.00 | A |
| 158 | 4/24/2019 | Garcia, Charlene | Received file stamp copy of Notice of Removal, saved, printed and forward to Julie | 0.20 | $100.00 | $20.00 | $0.00 | $20.00 | C |
| 159 | 4/24/2019 | Garcia, Charlene | Saved Motion to Amend Order Approving Sale | 0.20 | $100.00 | $20.00 | $0.00 | $20.00 | C |

| | Glossary | BB | Block-Billed entries, reduced by 15% | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | E | Excessive entries, reduced by 25% | | | | | | |
| | | UN | Unnecessary work, allowed at $0.00 | | | | | | |
| | | C | Clerical work, allowed at $0.00. Amount disallowed in mixed entries included in paranthetical. | | | | | | |
| | | A | Allowed in full | | | | | | |
| Entry | Date | Attorney | Detailed Description | Rate | Hours | Amount Requested | Allowed | Disallowed | Disallowance (See Glossary) |
| 160 | 4/25/2019 | Koenig, Julie | Download and review amended order for sale; save and email to Ginnie, Pam and the Trustee | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 161 | 4/25/2019 | Garcia, Charlene | Received Amended Order Approving Sale of Real Property, saved | 0.10 | $100.00 | $10.00 | $0.00 | $10.00 | C |
| 162 | 4/25/2019 | Garcia, Charlene | Received voice mail from Mrs. Jones, forward to Julie she wants a status check on the Motion to Sale | 0.20 | $100.00 | $20.00 | $20.00 | $0.00 | A |
| 163 | 4/29/2019 | Koenig, Julie | Review Court's Order Setting Rule 7016 conference, calendar dates, check certificate of mailing - mailed to the Plaintiff | 0.50 | $425.00 | $212.50 | $180.62 | $31.88 | BB |
| 164 | 5/8/2019 | Garcia, Charlene | Notarized Title Company Disclosure for Rodney Tow, scanned and forward to Ginnie Rogers | 0.30 | $100.00 | $30.00 | $20.00 | $10.00 | C (0.1) |
| 165 | 5/9/2019 | Garcia, Charlene | Scanned the Settlement Statement and emailed to Ginnie Rogers | 0.10 | $100.00 | $10.00 | $0.00 | $10.00 | C |
| 166 | 5/13/2019 | Garcia, Charlene | Received Trustee's Report of Sale, saved | 0.10 | $100.00 | $10.00 | $10.00 | $0.00 | A |
| 167 | 5/16/2019 | Koenig, Julie | Request updated invoice from accounting; discuss fees with the Trustee | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 168 | 5/16/2019 | Koenig, Julie | Go through fees, mark fees attributable to Ricardo, Sylvia & Olivia: (0.4); spreadsheet by date, name & amount; (0.5); gave to Charlene to add expenses | 1.00 | $425.00 | $425.00 | $382.50 | $42.50 | C (0.1) |
| 169 | 5/16/2019 | Garcia, Charlene | Reviewed billing sheet for Julie's request. Emailed Noelle to forward March and April postage sheets. Reviewed postage sheets, the postage is included on the billing but with the last date of month. Emailed S. Henderson to please correct the postage dates on the bill | 0.30 | $100.00 | $30.00 | $30.00 | $0.00 | A |
| 170 | 5/16/2019 | Garcia, Charlene | Telephone call with Ms. Henderson, discussed the billing postage. She will correct the bill and forward. Reviewed and discussed with Julie | 0.30 | $100.00 | $30.00 | $30.00 | $0.00 | A |
| 171 | 5/29/2019 | Koenig, Julie | Pull Order for Conference in Adversary; email to Bert | 0.20 | $425.00 | $85.00 | $85.00 | $0.00 | A |
| 172 | 6/3/2019 | Garcia, Charlene | Received telephone call from Trustee Rodney Tow, he needs to know if accounting can set up the bill in a spreadsheet. Emailed Susan | 0.20 | $100.00 | $20.00 | $20.00 | $0.00 | A |
| 173 | 6/5/2019 | Koenig, Julie | Read and respond to Raquel's email regarding a distribution to Ms. Mata | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 174 | 6/10/2019 | Koenig, Julie | Review email from the CPA re: tax cost basis and taxes due from sale; look up date her mother died; pull HUD statement for amount of taxes paid; respond to CPA's email re: same; forward him the HUD statement | 0.30 | $425.00 | $127.50 | $108.37 | $19.13 | BB |
| 175 | 6/10/2019 | Koenig, Julie | REview CPA's email regarding the tax return; look up my fees and expenses through May and send the amount to him | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 176 | 6/11/2019 | Koenig, Julie | Attend scheduling conference, Adversary dismissed | 0.50 | $425.00 | $212.50 | $212.50 | $0.00 | A |
| 177 | 6/21/2019 | Garcia, Charlene | Received a voice mail from Mary Jones, forward to Julie | 0.10 | $100.00 | $10.00 | $0.00 | $10.00 | C |
| 178 | 6/27/2019 | Koenig, Julie | Review Trustee's First Amended Expedited Motion to Authorize Interim Distribution and exhibits | 0.50 | $425.00 | $212.50 | $212.50 | $0.00 | A |
| 179 | 7/9/2019 | Koenig, Julie | Download and print Trustee's Amended Motion to Distribute Funds, Exhibits & Order (0.2); prepare & print exhibit cover sheets (0.2); email the Trustee re: the exhibit list. | 0.50 | $425.00 | $212.50 | $0.00 | $212.50 | C |
| 180 | 7/9/2019 | Garcia, Charlene | Prepared trustee's exhibit notebooks per hearing scheduled Thursday 7/11/19 regarding Trustee's First Amended Expedited Motion to Authorize Trustee to Make Interim Distribution | 1.00 | $100.00 | $100.00 | $100.00 | $0.00 | A |
| 181 | 7/10/2019 | Koenig, Julie | Prepare for hearing on Trustee's Motion to Distribute Funds | 1.50 | $425.00 | $637.50 | $637.50 | $0.00 | A |
| 182 | 7/11/2019 | Koenig, Julie | Prepare for and attend hearing on Trustee's amended motion | 1.00 | $425.00 | $425.00 | $425.00 | $0.00 | A |
| 183 | 7/12/2019 | Koenig, Julie | Review and save Order on Amended Motion for Interim Distributions | 0.10 | $425.00 | $42.50 | $42.50 | $0.00 | A |
| 184 | 7/12/2019 | Koenig, Julie | Email the Trustee Mary's address for her check | 0.10 | $425.00 | $42.50 | $0.00 | $42.50 | C |
| 185 | 8/5/2019 | Koenig, Julie | Draft interim fee application, order & notice | 3.20 | $425.00 | $1,360.00 | $1,360.00 | $0.00 | A |
| | Totals: | | | 107.30 | | $41,410.00 | $38,177.07 | $3,232.93 | |